**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NOBLE T HASAAN BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-CV-150-TCK-PJC |
| ) | |
| OFFICER J.L. CALLE, CITY OF TULSA ) | |
| POLICE DEPARTMENT, ) | |
| CITY OF TULSA, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court *sua sponte* pursuant to Plaintiff's *pro se* pleading entitled "Notice of Removal/Counterclaim."

**I.      Factual Background**

Plaintiff Noble T Hassan Bey ("Bey"), who describes himself as a "Moor, an aboriginal inhabitant of North America, not a member of any state," filed a Notice of Removal/Counterclaim (Doc. 2) in this Court. He seeks to remove Tulsa County District Court criminal case number CF-13-254, which is allegedly a felony charge for false impersonation. (Not. of Removal at 2.) Bey contends that the criminal proceeding resulted from a traffic stop, arrest, and seizure that violated his constitutional rights. Specifically, he alleges that (1) he was pulled over by Officer J.L. Calle for running a yellow light; (2) he presented a "Nationality Card" issued by the "National Government of Moorish America" and a "Legal Notice - Name Correction" document; and (3) he was arrested because the officer did "not have any way to identify him." (*Id.* at 3-5.) Bey alleges that his arrest and criminal prosecution violated his right to travel, and his "Right to a Nationality (which comes with a Free National Title/Attribute, not name, Christians have names, Moors have

Attributes and Titles)." (*Id.* at 5.)

Because Bey has not attached any actual state court pleadings or filings in the underlying criminal case, it is difficult to determine whether this pleading actually "removes" an ongoing criminal proceeding or should be construed as an original Complaint raising constitutional violations occurring in conjunction with the criminal proceeding. Due to its title of "Notice of Removal" and reference to a specific criminal proceeding by case number and court, the Court construes the filing as one seeking to remove a criminal proceeding to this Court.

## II.     Propriety of Removal

Bey's attempted removal of his criminal case fails for procedural and substantive reasons. Bey has failed to attach the "process, pleadings, and orders" served upon him in the criminal proceeding. *See* 28 U.S.C. § 1455(a) (setting forth procedures for removal of a criminal proceeding). This prevents the Court from determining whether removal was filed within thirty days of arraignment. *See id.* at § 1455(b)(1). Therefore, Bey's Notice of Removal is procedurally deficient, and this alone justifies remand. *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1295 (D.N.M. 2011) )("Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed.")

Even assuming procedural requirements were satisfied, the Notice of Removal also fails to plead any statutory basis for removal. Construed liberally, the only possible statutory basis for removal is 28 U.S.C. § 1443(1), which provides for removal of criminal prosecutions if a person "is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States." However, this provision requires a removing party to specifically allege in his Notice of Removal that (1) the right denied arises under a civil rights law protecting

against racial discrimination; and (2) the right cannot be enforced in the state court prosecution. *See Colo. v. Lopez,* 919 F.2d 131, 132 (10th Cir. 1990); *Colo. v. King*, No. 12-CR-52, 2012 WL 502446, at * 2 (D. Colo. Feb. 15, 2012). Assuming Bey's allegations satisfy the first prong because they relate in part to his "Moor" ethnicity, Bey has failed to allege that the civil rights allegedly violated cannot be enforced in the state court prosecution. *See King*, 2012 WL 502446, at * 2 (remanding case because removing party "failed to provide the Court with specific factual allegations regarding his inability to enforce his federal constitutional rights in the state court criminal prosecution"). Therefore, Bey has failed to allege any statutory basis for removal, and, even assuming he seeks to invoke 28 U.S.C. § 1443(1), he has failed to adequately allege its requirements.[1]

### III. Conclusion

The Court construes this pleading as an attempted removal of Case No. CF-13-254, pending in Tulsa County District Court. Bey has failed to satisfy the procedural requirements for removing a criminal case to federal court under 28 U.S.C. § 1455 and has also failed to allege facts satisfying the requirements of 28 U.S.C. § 1443(1). Therefore, this matter is *sua sponte* remanded to Tulsa County District Court.

**SO ORDERED this 26th Day of April, 2013.**

*/s/ Terence C. Kern*

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**

---

[1] The "Counterclaim" brought by Bey, which the Court construes as an attempt to assert a counterclaim or defense in the criminal proceeding, cannot provide a basis for removal even if it states a claim for relief. *See Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (holding that "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law").